UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No:

UNITED STATES OF AMERICA

Plaintiff

vs.

HILDA R. ALLEN
A/K/A HILDA R. GRAHAM

Defendant
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for
the Southern District of Florida, alleges as follows:

1.  This action is brought by the United States of America, with jurisdiction provided by 28
U.S.C. § 1345.

2.  The defendant is a resident of the Southern District of Florida.

3.  The defendant is indebted to the plaintiff in the principal amount of $1400.00, plus
interest on this principal amount computed at the rate of 9.00 percent per annum in the amount
of $2001.10, plus interest thereafter on this principal from January 5, 2000 until the date of
judgment, plus administrative fees, costs, and penalties in the amount of $87.00.  See Exhibit A
attached hereto and incorporated herein.

4.  Demand has been made upon the defendant by plaintiff for the sum due, but the amount due
remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $3488.10,
plus interest at 9.00 percent per annum on the principal amount of $1400.00, from January 5, 2000



to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __14__ day of __JANUARY__, 2000.

Respectfully submitted,

Thomas E. Scott
United States  Attorney

By: _____

Mary  F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL  33132-2111
Tel No. 3059619311
Fax No. 3055307195

# U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Hilda R Allen
aka: Hilda R. Graham
1932 NW 9th Ct
Ft Lauderdale, FL  33311
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/14/99.

On or about 12/11/82 the borrower executed promissory note (s) to secure loan(s) from Wilfred Lab, Inc. Wilfred Beauty Academy at the annual rate of 9% under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq (34 C.F.R. Part 682).  The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s).  The borrower defaulted on the obligation on 07/18/84, and the holder filed a claim on the guarantee.

Since assignment of the loan, the Department has received a total of $0.00 from all sources, including Treasury Department offsets, if any.  After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 1,400.00 |
| Interest: | $ 1,878.36 |
| Late Fees: | $ 0.00 |
| Admin. Costs: | $ 87.00 |
| Total debt as of 01/14/99 | $ 3,365.36 |

Interest accrues on the principal shown here at the rate of  9% per annum and a daily rate of $ .35.

CERTIFICATION: Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the forgoing is true and correct.

Date: _____1/22/99_____          Name: _____
                                                          Loan Analyst
                                                          Litigation Branch



FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION
KNOTT BUILDING
TALLAHASSEE, FLORIDA 32301

FLORIDA GUARANTEED STUDENT LOAN PROGRAM
(20 U.S.C. ____)
PROMISSORY NOTE

BORROWER'S NAME AND ADDRESS:

HILDA R GRAHAM
2680 NE 8TH AVE 09
WILTON MRS
FL 3333

LENDER'S NAME AND ADDRESS:

WILFRED LAB. INC. WILFRED BEAUTY ACADEMY
1657 BROADWAY
NEW YORK
NY 10019

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |

Prior to repayment: **3.948** %
During repayment: **9** %

☐ may  ☒ will not  have to pay a penalty.

☐ may  ☒ will not  be entitled to a refund of part finance charge.

See the promissory note for any additional information about payment, default, any required repayment in full before the sche date, and prepayment refunds and penalties.

Itemization of the Amount Financed of $ **1,319.42**    Amount Paid

Loan Amount $ **1,400.00** Less: Prepaid Finance Charge $ **80.58** Less: Amount Paid To $ **2.10** Equals:$ **1,31**
Includes:                                                          Others On Your Behalf:
Insurance Premium $ **10.58**    To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX
Origination Fee $ **70.00**
( **5** % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | INSURANCE PREMIUM | ORIGINATION FEE | AMOUNT F |
|---|---|---|---|---|---|---|
| | 12/21/82 | $1,400.00 | $2.10 | $10.58 | $70.00 | $1,315 |

ED-888  5/82

## PROMISE TO PAY

I, **HILDA R GRAHAM**    **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**    , the borrower, promise to p
(Name of Borrower)

**WILFRED LAB. INC. WILFRED BEAUTY ACADEMY**    , the lender, or to a subse
(Name of Lender)

holder of this Promissory Note, all of the principal sum of $ **1,400.00** to the extent it is advanced to me, plus an amount equivalent to simple inter
this sum at the rate of **9** percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — inci
attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for coll
to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued in

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to p
the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments,
pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the
and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed **5%**
percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduc
each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to r
to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than **6** months (the "grace period") after I either
school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, o
the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. Howeve
following exceptions to these rules apply:

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.

B. The lender may require a repayment period shorter than 5 years if this is the only way to assure that during each year of my repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest on all such loans the total amount owing to all holders of my — or our — GSLP, Auxiliary loans or PLUS loans, whichever is less, the total amount owing to all holders of my — or our — GSLP, Auxiliary loans or PLUS loans, whichever is less.

C. Any period described under DEFERMENT in this Promissory Note will not be included in the time periods mentioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth for the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of the principal and interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am also a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION program.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education determines is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**

1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the Secretary determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGE**   If permitted by State law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due. This late charge will not exceed five cents for each dollar of each late installment, or $5, whichever amount is less. The lender may require me to pay this late charge only if I am not entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed the total amount of interest charged on the amount due.

**TRANSFER TO A NEW HOLDER**   Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible to receive the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**   If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after I have been unable to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, I will be deemed as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon its request. If not otherwise prohibited by law, the holder may disclose information about the loan to any credit bureau.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment.

SIGNATURE OF BORROWER   ADDRESS   DATE

NAME OF CO-SIGNER* (print or type)   ADDRESS

SIGNATURE OF CO-SIGNER   DATE   TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (6/82)

TITLE:   TREASURER

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES of AMERICA

## DEFENDANTS
HILDA R. ALLEN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

B. Broward 00-CV6077 WPF

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL  33132-2111

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
SNOW

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE   MONROE   BROWARD   PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government
    Plaintiff

☐ 2 U.S. Government
    Defendant

☐ 3 Federal Question
    (U.S. Government Not a Party)

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| X☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 881 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 883 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION    (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4) (d)

LENGTH OF TRIAL
via __ days estimated (for both sides to try entire case)

## VII. REQUESTED IN    CHECK IF THIS IS A CLASS ACTION
COMPLAINT:    ☐ UNDER F.R.C.P. 23

DEMAND $ 3,488.10
+ interest & costs

CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) (See instructions)
IF ANY    JUDGE _____    DOCKET NUMBER _____

DATE  1/14/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____